UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 17-10098-GAO

UNITED STATES OF AMERICA,

v.

BURHAN UD DIN,
Defendant.

OPINION AND ORDER
June 7, 2018

O'TOOLE, D.J.

The defendant, Burhan Ud Din, has moved to suppress statements he made to federal agents during the execution of a search warrant at his place of business. He maintains that he was subjected to a custodial interrogation but was never advised of his Miranda rights. See Miranda v. Arizona, 384 U.S. 436, 444 (1966). After an evidentiary hearing at which an agent from the Federal Bureau of Investigation, Special Agent Michael Delapena, testified, I conclude that the motion to suppress ought to be, and it is, DENIED.

Based upon the credible evidence adduced at the hearing and in the record, I find the following facts: In the middle of the day on July 17, 2013, six federal agents, wearing plain clothes but armed with holstered guns, entered the defendant's restaurant in order to execute a search warrant.[1] Two uniformed Boston police officers stood outside at the entrance to keep customers from entering the restaurant during the search. Agent Delapena approached the defendant, introduced himself, explained that the officers had a search warrant to search the premises, and told the defendant that he could stay during the search, or he could choose to leave. He was told

---

[1] The agents did not intend to arrest the defendant.

that if he stayed he would have to sit down so as to not interfere with the search. The defendant decided to stay. He sat at a table in the restaurant's seating area with Delapena and an Internal Revenue Service agent, while the other agents executed the search.[2]

Delapena employed what he testified was a "rapport-based" interview strategy, engaging with the defendant calmly and asking some preliminary questions in order to build rapport, such as inquiring about the defendant's family. During the interview, the defendant answered some questions and refused to answer other questions. He left the table at one point to answer a telephone call, after which Delapena instructed him to refrain from answering any other calls while the search was being conducted. It was hot inside the restaurant and the defendant was offered water multiple times, but he declined, explaining that he was fasting for religious purposes. The interview lasted about an hour. At no time did agents raise their voices, display their weapons, physically restrain the defendant, or handcuff him. However, the defendant at times raised his voice and, at the conclusion of the search, angrily threw the inventory of the search he had been given on a table before the agents had left the restaurant.

Considering objectively the totality of the circumstances, I conclude that the defendant was not in custody at the time of his interview because there was no "'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." See Stansbury v. California, 511 U.S. 318, 322 (1994) (quoting California v. Beheler, 463 U.S. 1121, 1125 (1983) (per curiam)); accord United States v. Hughes, 640 F.3d 428, 435 (1st Cir. 2011) (quotation omitted). The relevant factors weigh against a finding of custody, including (1) the familiar setting in which the defendant was interviewed; (2) the midday timing of the search and attendant interview; (3)

---

[2] An employee of the defendant remained at the restaurant as well. He was taken into custody at the end of the interview with the defendant after the defendant disclosed that the employee lacked legal status in the country.

the relatively calm demeanor of the interviewing agents, who did not raise their voices or engage in aggressive or accusatory tactics; (4) the fact that the agents who entered the premises wore plain clothes and never brandished their guns; (5) the duration of the interview, which was not exceptionally long; (6) the agent's statement that the defendant was free to leave during the search; (7) the lack of any indication that he was being arrested or would be arrested; and (8) the lack of physical control over the defendant, who was never physically touched or restrained and even left the table to answer the telephone. Further, although a significant number of law enforcement officers were present at the restaurant, only two agents were in direct conversation with the defendant for the interview. A reasonable person under the circumstances would have felt that he was free to terminate the questioning and/or to leave. See United States v. Crooker, 688 F.3d 1, 11 (1st Cir. 2012).

Because the defendant was neither formally under arrest nor restrained in his freedom of a degree associated with a formal arrest, the interview was non-custodial for the purposes of Miranda. The agents therefore were not required to advise the defendant of his Miranda rights and suppression on that basis is unwarranted.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge